JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile: (415) 956-1664
E-Mail:    klo-jmk@pacbell.net

E-filing

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TARLOCHAN MUNDI,

    Plaintiff,

vs.

EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services,

    Defendants.

Case No. C 07 2456

COMPLAINT FOR DECLARATORY JUDGMENT AN D INJUNCTION

Plaintiff alleges:

1. This action is brought pursuant to the provisions of 28 U.S.C. § 1331 and 5 U.S.C. §§ 701 - 706.

2. Defendant EMILIO T. GONZALEZ is the Director of the United States Citizenship and Immigration Services, (USCIS), an agency of the United States as defined by 5 U.S.C. §701(b)(1), charged with the duty to administer and enforce the Immigration and Nationality Act, including the adjudication of an asylee relative petition filed by an asylee in accordance with 8 C.F.R. §208.21(d) to accord derivative asylum under 8 U.S.C. §1158(b)(3)(A).

3. Plaintiff is a citizen and national of India who was granted asylum in the United States on April 13, 2004. *See*, attached Exhibit A.

4. 8 U.S.C. §1158(b)(3)(A) vests defendant with discretion to accord asylum to an asylee's child residing abroad who is following to join an asylee to the United States. To accord derivative

1

asylum to a family member, an asylee is required to file an asylee relative petition on a Form I-730 with the USCIS in accordance with the provisions of 8 C.F.R. §208.21(d).

5. It is defendant's legal duty to adjudicate a properly filed petition in accordance with 8 C.F.R. §103.2. If a petition is approved and the beneficiary of the petition is found eligible for derivative asylum, defendant is required to issue a travel document to the beneficiary that will permit the beneficiary to apply for admission to the United States. If the beneficiary of an approved petition is found ineligible for following join benefits, 8 C.F.R. §208.21(e) requires defendant to forward written notice stating the basis for denial to an asylee.

6. On June 25, 2004 the director of the USCIS Nebraska Service Center approved the petition plaintiff filed on behalf of his son, Narinder Singh. *See*, attached Exhibit B.

7. Plaintiff's son thereafter applied at the USCIS office located in New Delhi, India for a travel document. A travel document was not been issued to plaintiff's son, and plaintiff has not received written notice from the USCIS explaining why his son has not been permitted to follow to join him to the United States.

8. Plaintiff's asylee relative petition remains approved and pending.

9. There is no administrative appeal from defendant's decision to deny plaintiff's son a travel document and not serve plaintiff with written notice explaining why a travel document was denied.

10. There is a real and actual controversy between the parties. Plaintiff has no adequate remedy at law. Plaintiff has suffered and will continue to suffer irreparable injury as result of the acts of the defendant complained herein.

WHEREFORE, plaintiff prays judgment.

1. Declaring that defendant has violated 8 U.S.C. §1158(b)(3)(A), 5 U.S.C. §555(b), and 8 C.F.R. §§ 103.2 and 208.21 in the adjudication of plaintiff's asylee relative petition.

2. Preliminarily and permanently enjoining defendant, his agents, and delegates, to issue a travel authorization document to plaintiff's son Narinder Singh, or serve plaintiff with written notice explaining why a travel document is denied.

1  3. Awarding plaintiff his costs and reasonable attorneys fees incurred in this action;
2  4. Granting such other and further relief as may be appropriate.
3  Dated: May 8, 2007

_____
JONATHAN M. KAUFMAN
Attorney For Plaintiff

# EXHIBIT A



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Singh, Surjit, Esq.
431 N. Brookhurst St., Suite 130,
Anaheim, CA 92801

Office of the District Counsel/LO
606 S. Olive Street, 8th Floor
Los Angeles, CA 90014

Name: MUNDI, TARLOCHAN

A72-172-549

**Date of this notice: 04/13/2004**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*/s/ F.F. K*

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    COLE, PATRICIA A.
    FILPPU, LAURI S.
    HESS, FRED

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A72 172 549 - Los Angeles     Date:   APR 1 3 2004

In re: TARLOCHAN MUNDI

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Surjit Singh, Esquire

CHARGE:

   Notice:  Sec.   212(a)(6)(A)(i), I&N Act [8 U.S.C. § 1182(a)(6)(A)(i)] -  
                               Present without being admitted or paroled

APPLICATION: Asylum

    The respondent, a native and citizen of India, has timely filed an appeal of an Immigration Judge's decision dated August 15, 2002. The Immigration Judge found the respondent removable as charged, denied his applications for asylum and withholding of removal pursuant to sections 208 and 241(b)(3) of the Immigration and Nationality Act, respectively, 8 U.S.C. §§ 1158 and 1231(b)(3). The Immigration Judge also denied his request for protection under the Convention Against Torture pursuant to 8 C.F.R. § 1208.16(c). However, the Immigration Judge granted the respondent's request for voluntary departure pursuant to section 240B(b) of the Act, 8 U.S.C. § 1229c(b). The Immigration Judge denied the respondent's applications for asylum, withholding and protection under the Convention Against Torture based on her finding that the respondent did not testify credibly. On appeal, the respondent contests the denial of asylum. The appeal will be sustained.

    The respondent contests the Immigration Judge's adverse credibility finding. We find that the Immigration Judge's ruling does not comport with the controlling case law in the United States Court of Appeals for the Ninth Circuit, the circuit in which this case arises. *See Chebchoub v. INS*, 257 F.3d 1038 (9th Cir. 2001) (finding that adverse credibility findings must be supported by specific, cogent reasons); *Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990) (holding that inconsistencies must be substantial and go to the heart of the asylum claim in order to form the basis for a negative credibility finding). The Immigration Judge found that the respondent's asylum application and testimony were consistent, but held that the respondent was not credible. The grounds upon which the Immigration Judge based her adverse credibility finding are not supportable under binding circuit case law. *See Ceballos-Castillo v. INS, supra.*

A72 172 549

The respondent provided detailed and consistent testimony regarding his claim. The respondent testified that he is a Sikh from the Punjab (Tr. at 19). The respondent testified that he collected funds for the AISSF even though he was not a member of the organization (Tr. at 20-21). The respondent testified that he was arrested on two occasions by the Punjab police (Tr. at 21-22). The respondent testified that in July 1993, he went to a Sikh temple to hear a speech by Bhai Jasvir Singh, who advocated the creation of a separate Sikh state and afterwards invited the speaker to his home (Tr. at 22-24). Three days later, the respondent was arrested and detained for 20 days by the Punjab police (Tr. at 23-24). The respondent testified that during his detention he was severely beaten and asked why Mr. Singh went to the respondent's home and how many other men came to his home (Tr. at 24-25). The respondent testified that the police warned him not to be involved with the AISSF again and released him upon the payment of a bribe (Tr. at 25). The respondent testified that in December 1993, he was arrested a second time after Mr. Singh made a similar speech at a special prayer ceremony offered for the respondent's recovery from injuries sustained during his beatings by the Punjab police (Tr. at 26-27). The respondent testified that the police told him he was being arrested due to his failure to heed their earlier warnings (Tr. at 27). The respondent testified that he was held for 10 days and severely beaten (Tr. at 27). Before his second release, which was procured through a bribe, the police told the respondent that they would not let him go if they saw him with Mr. Singh again (Tr. at 28). No charges were filed against the respondent during either arrests (Tr. at 25, 28). Based on the foregoing, we find that the respondent presented a believable, consistent, and sufficiently detailed account of his arrests and beatings by the Punjab police and find the respondent to be credible. *See* Exh. 4; *Chebchoub v. INS, supra*; *Ceballos-Castillo v. INS, supra*.

The respondent's detailed and consistent testimony regarding his arrests and beatings are sufficient to show that he has met his burden of proving that he was persecuted by the Punjab police. *See Ladha v. INS*, 215 F.3d 889, 901 (9th Cir. 2000) (an alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without need for any corroboration); *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000) (finding that incidents and examples of harm should be considered cumulatively in determining whether past persecution has occurred). The disproportionately harsh treatment inflicted upon the respondent as well as the fact that he was not brought before a judge suggests that the Punjab police were not engaging in a legitimate prosecution (Tr. at 26). *See Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir. 1995), citing *Hernandez-Ortiz v. INS*, 777 F.2d 509, 519 (9th Cir. 1985) (finding that where there is "no evidence of a legitimate prosecutorial purpose for a government's harassment...there arises a presumption that the motive for harassment is political"). Therefore, at least one motive of the Punjab police was that they believed he was associated with supporters of a separate Sikh state. Accordingly, based on controlling case law in the Ninth Circuit, we find that the respondent was persecuted at least in part on account of his imputed political opinion. *See Singh v. Ilchert, supra*.

Because we find that the respondent was persecuted on account of his imputed political opinion, a rebuttable presumption arises that he has a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). To overcome this regulatory presumption the Department of Homeland Security (the

2

Case 3:07-cv-02456-MHP   Document 1   Filed 05/08/2007   Page 8 of 10

A72 172 549

"DHS," formerly the Immigration and Naturalization Service) must demonstrate, by a preponderance of the evidence, that either (1) the respondent could avoid future persecution by relocating to another part of the respondent's country of nationality or (2) since the time the persecution occurred, conditions in the respondent's country have changed to such an extent that the respondent no longer has a well-founded fear of persecution if he were to return to his county. *Id.*

We will first address internal relocation. The respondent was persecuted at the hands of the Punjab police and it is presumed that "the government has the ability to persecute the applicant throughout the country." *Singh v. Ilchert, supra,* at 1510. To rebut this presumption, the DHS must establish by a preponderance of the evidence that under all the circumstances relocation would be reasonable in this case. 8 C.F.R. § 1208.13(b)(3)(ii). The general information provided by the DHS is insufficient to rebut the presumption under Ninth Circuit case law because it does not "pertain to individuals like this applicant who have experienced actual persecution in the Punjab by reason of their suspected political views and associations." *Singh v. Ilchert, supra,* at 1512; *see* Exh. 2.

Finally, the DHS did not rebut the respondent's presumption of well-founded fear of persecution by establishing changed country conditions. The DHS provided general background documents that establish political and social changes in India (Exh. 3). This evidence is insufficient to rebut the presumption of a well-founded fear of persecution. *See Rios v. Ashcroft,* 287 F.3d 895 (9th Cir. 2002) (finding that the DHS is obligated to provide specific and individualized information when rebutting the respondent's claim with changed country conditions); *see also* Exh. 3 (indicating that Sikhs continue to face mistreatment by the Punjab police).

Accordingly, we find that the DHS failed to produce sufficient evidence to rebut the presumption that the respondent has a well-founded fear of persecution. As no egregious adverse factors are present, we will exercise discretion in favor of the respondent and grant asylum. *See Matter of Kasinga,* 21 I&N Dec. 357 (BIA 1996).

Based on the foregoing, the following orders will be entered.

ORDER: The appeal is sustained.

FURTHER ORDER: The respondent is granted asylum pursuant to section 208 of the Act.

---
FOR THE BOARD

Board Member Lauri S. Filppu dissents without opinion.

3

# EXHIBIT B

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE |
|---|---|---|
| LIN-04-193-52108 | | I730 REFUGEE ASYLEE RELATIVE PETITION |
| RECEIPT DATE<br>June 25, 2004 | PRIORITY DATE | PETITIONER A72 172 549<br>MUNDI, TARLOCHAN |
| NOTICE DATE<br>May 5, 2005 | PAGE<br>1 of 1 | |

TARLOCHAN MUNDI
8801 LIMA ST
BAKERSFIELD CA 93313-

Notice Type: Approval Notice
Class: ASY

Courtesy Copy: Original sent to: SINGH, SURJIT

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the attorney or representative indicated above. Any relevant documentation included in the notice was also mailed as part of the official notice.

Your Refugee/Asylee Relative Petition for the family member(s) listed on this notice has been approved in accordance with Section 208 of the Immigration and Nationality Act, and forwarded to the Department of State National Visa Center, 32 Rochester Ave., Portsmouth, NH 03801. This completes all INS action on this petition.

The Department of State will notify the U.S. Embassy or Consulate abroad having jurisdiction over the area where your relative(s) resides. The consular post will contact your relative(s) regarding procedures to be followed for travel to the United States.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action taken on this case.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Family members:

| Name | DOB | COB | Class | A-Number |
|---|---|---|---|---|
| NONE | / / | | ASY | |
| SINGH, NARINDER | 09/29/1984 | INDIA | ASY | A98146776 |

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283

